IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY GERALD WEST                                                    PLAINTIFF

v.                           CIVIL NO. 09-5163

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                         DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Timothy Gerald West, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his application for DIB on July 19, 2005, alleging an inability to work since November 14, 2004, due to degenerative disc disease of the cervical spine; bilateral carpal tunnel syndrome; a cognitive impairment; burning facial sensations; headaches; post-traumatic stress disorder (PTSD); and major depression. (Tr. 14, 47). An administrative hearing was held on March 7, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 415-451).

By written decision dated June 20, 2007, the ALJ found that during the relevant time

period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.14). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; bilateral carpal tunnel syndrome (moderate); mild cognitive impairment; burning facial dysesthesias/headaches; PTSD; and major depression, single episode. (Tr. 14). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the following residual functional capacity (RFC):

> to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for six hours and sit for six hours. Further, the undersigned finds that the claimant is moderately limited in his ability to understand, remember and carry out complex instructions and make judgments on complex work-related decisions. Further, the undersigned finds that the claimant is also moderately limited in his ability to interact appropriately with supervisors, coworkers and the public and respond appropriately to usual work situations and routine work changes.[1]

With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a housekeeper, a mail clerk and a hand packager. (Tr. 22, 101-103).

Plaintiff then requested a review of the hearing decision by the Appeals Council and submitted additional medical evidence. (Tr. 245-414). In the denial notice dated May 28, 2009, the Appeals Council acknowledged this additional medical evidence and noted that Plaintiff had been found disabled as of June 21, 2007, based on an application for benefits dated August 6, 2007. (Tr. 3-4). The Appeals Council found this additional medical evidence did not warrant a change of the ALJ's June 20, 2007 hearing decision. (Tr. 4).

---

[1] For the purpose of this decision, the ALJ defined "moderately" as more than a slight limitation but the person can still function satisfactorily in the particular area. (Tr. 16).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for a decision. (Docs. 10,11).

## II.  Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III.   Discussion:**

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However,

AO72A
(Rev. 8/82)

once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence.

The new evidence submitted to the Appeals Council reflects the following. On June 27, 2007, Plaintiff was admitted into the University of Arkansas for Medical Sciences Medical Center after entering the emergency room reporting severe head pain and an inability to remember who he was or how he got to the hospital. (Tr. 267). Plaintiff also complained of right arm pain from the shoulder to the hand. Plaintiff reported weakness on one side and numbness of the face. On June 28th, Plaintiff reported he was feeling better but continued to have headache. (Tr. 271). A neurologist note dated June 29, 2007, indicated Plaintiff's sister was contacted and that she reported Plaintiff had been having similar episodes for the past two years. (Tr. 274). The physician noted Plaintiff would be discharged with an appointment to see a psychiatrist in one month. (Tr. 276). Discharge notes indicate Plaintiff had a provisional diagnosis of multiple sclerosis and a secondary diagnosis of a conversion disorder.[2] (Tr. 276).

In the present case, the ALJ relied upon the opinion of Dr. Gene Chambers, a consultative psychologist, when he determined Plaintiff's RFC. (Tr. 20-21). After evaluating Plaintiff on April 2, 2007, Dr. Chambers opined that while he did not personally observe Plaintiff experience a "drunk-like" state or disorientation, should Plaintiff experience these episodes as often as

---

[2] A conversion disorder consists of symptoms of deficits that develop unconsciously and nonvolitionally and usually involve motor or sensory function. The Merck Manual, pp. 1737 (18th Edition, 2006). Manifestations resemble a neurologic or other general medical condition but rarely conform to known pathophysiologic mechanisms or anatomic pathways. Id.

purported by Plaintiff they would impact his ability to communicate, sustain attention and concentration, and complete work-like tasks in an acceptable time frame. (Tr. 235-244). The additional medical evidence submitted to the Appeals Council provides evidence to support Plaintiff's complaints of episodes of disorientation and numbness of the face and limbs. These additional records also include statements made by Plaintiff's sister to the consultative neurologist that Plaintiff had been experiencing these episodes for the past two years. Had the ALJ had this medical evidence before him when making his decision on this case, the outcome may very well have been different. Accordingly, we believe that remand is necessary to allow the ALJ to consider this new and material evidence.

### IV.     Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of August 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE